**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH ZALIAGIRIS, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Jury Trial Demanded |
| ) | |
| TRANSPORTATION ONE, LLC ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Joseph Zaliagiris, through his attorneys, The Garfinkel Group, LLC, complains against Defendant Transportation One, LLC ("Transportation One" or "Defendant") for failure to pay overtime wages in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Chicago Minimum Wage Ordinance, Chicago, Illinois Municipal Code § 6-105 *et seq.* ("CMWO") and states:

**Introduction**

1.      This is an action for unpaid overtime wages under the FLSA, the IMWL, and the CMWO arising from Defendant's failure to pay Zaliagiris overtime wages for hours he worked in excess of 40 in a workweek.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

3.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under the IMWL and CMWO pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) (venue generally) and 29 U.S.C. § 216(b) (FLSA).

**Parties**

5.      Plaintiff, Joseph Zaliagiris is a former employee of Transportation One, LLC and a resident of Illinois.

6.      Defendant Transportation One LLC ("Transportation One") is an Illinois Corporation with its principal place of business in Chicago, Illinois, in Cook County. Defendant is a provider of transportation logistics services.

7.      Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

8.      At all times relevant herein, Zaliagiris was employed by Defendant as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), IMWL, 820 ILCS § 105/3, and CMWO, § 6-105-010.

**Facts**

9.      On February 6, 2023, Zaliagiris began working for Defendant as a Carrier Service Representative. Zaliagiris worked for Transportation One until January 2024.

10.     As a Carrier Service Representative, Zaliagiris' primary job duty was to find third-party carriers, typically trucking companies, to ship loads of freight for Transportation One's customers for an agreed upon price.

11.     Zaliagiris was primarily engaged in sales work. He did not work in a supervisory role or exercise independent judgment.

12.     Zaliagiris, and other Carrier Service Representatives, were closely supervised by Carrier Service Managers. Carrier Service Managers monitored the number of sales calls per day that Zaliagiris made as well as the number of deals he closed.

2

13. Zaliagiris' base salary was $55,000 per year plus commissions for loads of freight that he sold.

14. At all times during his employment with Defendant, Zaliagiris regularly worked over 40 hours per week. Zaliagiris regularly worked shifts of 10 to 10.5 hours per week, five days per week.

15. Furthermore, Zaliagiris, regularly had to work more than 50 hours per week in order to satisfy Transportation One's requirement to make 65 sales calls per day to prospective customers.

16. Despite working more than 40 hours per week, at no point during his employment did Zaliagiris receive overtime wages, or time-and-one-half his regular hourly rate for hours he worked over 40 in a week.

17. For example, for the pay periods ending September 20, 2023, and October 6, 2023, Transportation One paid Zaliagiris his base pay of $2,291.67 for the corresponding two-week pay period. Transportation One did not pay Zaliagiris overtime wages even though he worked more than 40 hours each week of the pay period.

18. At all relevant times herein, Zaliagiris was eligible for, and owed overtime compensation by virtue of his job duties, and did not qualify for any exemptions to federal, state, or municipal overtime requirements.

19. Transportation One failed to maintain records of Zaliagiris' hours worked in violation of the FLSA and IMWL.

20. As a result of the foregoing, Zaliagiris did not receive time-and-one-half for all hours he worked in excess of 40 for each workweek he worked for Defendant, in violation of the FLSA, IMWL, and CMWO.

## COUNT I
### FLSA – Unpaid Overtime

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully alleged herein.

3

22.     The FLSA requires an employer to pay its covered, non-exempt employees one and one-half times their regular hourly rate for each hour worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

23.     Defendant was Zaliagiris' employer, and Zaliagiris was Defendant's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

24.     Defendant failed to pay Zaliagiris for hours that he worked in excess of 40 hours in a workweek.

25.     As a result of Defendant's unlawful acts, Zaliagiris has been deprived of overtime compensation and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

**COUNT II**
**IMWL – Unpaid Overtime**

26.     Plaintiff repeats and realleges paragraphs 1 through 20 as if fully alleged herein.

27.     The IMWL requires an employer to pay its covered, non-exempt employees one and one-half times their regular hourly rate for each hour worked in excess of 40 in a workweek. 820 ILCS 105/4a.

28.     Defendant was Zaliagiris' employer, and Zaliagiris was Defendant's employee, as defined by the IMWL. 820 ILCS 105/3(c), (d).

29.     Defendant failed to pay Zaliagiris for hours that he worked in excess of 40 in a workweek.

30.     As a result of Defendant's unlawful acts, Zaliagiris has been deprived of overtime compensation and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the IMWL.

**COUNT III**
**CMWO – Unpaid Overtime**

4

31.     Plaintiff repeats and realleges paragraphs 1 through 20 as if fully alleged herein.

32.     The CMWO requires an employer to pay its covered, non-exempt employees one and one-half times their regular hourly rate for each hour worked in excess of 40 in a workweek. Chicago, Illinois Municipal Code § 6-105-040.

33.     Defendant was Zaliagiris' employer, and Zaliagiris was Defendant's employee, as defined by the CMWO. Chicago, Illinois Municipal Code § 6-105-010.

34.     Defendant failed to pay Zaliagiris for hours that he worked in excess of 40 in a workweek.

35.     As a result of Defendant's unlawful acts, Zaliagiris has been deprived of overtime compensation and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the CMWO.

WHEREFORE, Plaintiff, Joseph Zaliagiris, respectfully requests that this Court enter an order, granting judgment in his favor against Defendant, Transportation One, LLC, awarding him:

A. Damages in the form of unpaid overtime wages;

B. Liquidated damages;

C. Statutory interest and penalties;

D. His reasonable attorneys' fees; and

E. Such other relief as this Court deems appropriate and just.

### Jury Demand

The Plaintiff demands trial by jury.

The Garfinkel Group, LLC
701 N. Milwaukee Avenue
Chicago, IL 60642
Wayne Garris (IARDC No. 6328048)
wayne@garfinkelgroup.com
(312) 736-7991

Respectfully submitted,

*/s/ Wayne Garris*
One of the Plaintiff's Attorneys

5